1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                         **SOUTHERN DISTRICT OF CALIFORNIA**

10   STANFORD P. BRYANT,                          Civil No.    07-0200 JM (PCL)
     CDC #E-46727,
11
                                                  **ORDER:**
                                    Plaintiff,
12
                                                  **(1)  GRANTING MOTION TO**
13                                                **PROCEED *IN FORMA PAUPERIS*,**
                                                  **IMPOSING NO INITIAL PARTIAL**
14                  vs.                           **FILING FEE, GARNISHING $350**
                                                  **FROM PRISONER'S TRUST**
15                                                **ACCOUNT [Doc. No. 2-1];**

16                                                **(2)  DENYING PLAINTIFF'S MOTION**
                                                  **FOR TEMPORARY RESTRAINING**
17   TIM OCHOA, et al.,                           **ORDER**
                                                  **WITHOUT PREJUDICE**
18                                                **[Doc. No.  4-1];  AND**

19                                                **(3)  DIRECTING U.S. MARSHAL TO**
                                                  **EFFECT  SERVICE OF SUMMONS**
20                                 Defendants.    **AND COMPLAINT PURSUANT TO**
                                                  **FED.R.CIV.P. 4(c)(2)**
21                                                **AND 28 U.S.C. § 1915(d)**

22

23          Plaintiff, Stanford Bryan, a state prisoner currently incarcerated at Calipatria State Prison in

24   Calipatria, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 42

25   U.S.C. § 1983.[1]  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,

26

27   _____
          [1]  The proceedings were assigned to this Court, but all post-service matters have been referred to Magistrate Judge
28   Peter C. Lewis by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges,"
     pursuant to 28 U.S.C. § 636.  *See Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001).

1  he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No.

2  2], as well as a Motion for Temporary Restraining Order [Doc. No. 4].

3  **I.       Motion to Proceed IFP [Doc. No. 2]**

4          All parties instituting any civil action, suit or proceeding in a district court of the United States,

5  except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).

6  An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave

7  to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.

8  1999).  Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in

9  installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. §

10  1915(b)(1) & (2).

11          Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner

12  seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or

13  institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of

14  the complaint."  28 U.S.C. § 1915(a)(2).  From the certified trust account statement, the Court must

15  assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six

16  months, or (b) the average monthly balance in the account for the past  six  months,  whichever  is

17  greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  That

18  institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the

19  preceding month's income, in any month

20  in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire

21  filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

22          The Court finds that Plaintiff has submitted an affidavit sufficient to show that he has no funds

23  from which to pay filing fees at this time.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall

24  a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for

25  the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.");

26  *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal

27  of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him

28  when payment is ordered.").  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc.

No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.      Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).  "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Here, the Court finds that Plaintiff's Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf.  *See Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer

1    specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant

2    to 28 U.S.C. § 1915.").

3    **III.    Plaintiff's Motion for Temporary Restraining Order ("TRO") [Doc. No. 4]**

4            Plaintiff also filed a Motion for TRO [Doc. No. 4], as well  Memorandum of Points & Authorities

5    in Support of the TRO [Doc. No. 4].

6            Rule 65 of the Federal Rules of Civil Procedure provides that:

7            A temporary restraining order may be granted without written or oral notice to the
        adverse party or that party's attorney only if (1) it clearly appears from specific facts
8        shown by affidavit or by the verified complaint that immediate and irreparable injury,
        loss, or damage will result to the applicant before the adverse party or that party's
9        attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court
        in writing the efforts, is any, which have been made to give the notice and the reasons
10       supporting the claim that notice should not be required.

11   FED.R.CIV.P. 65(b).

12          As a preliminary matter, Plaintiff's Motion for TRO does not comply with Rule 65(b)'s

13   important procedural notice requirement.  While the Court has found Plaintiff's Complaint sufficient to

14   survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, he has yet to effect service

15   of his Complaint and summons upon any named Defendant.  And while Defendants, as employees of the

16   CDCR, may ultimately be represented by the Attorney General in this matter, there has been no

17   appearance on any Defendant's behalf by the Attorney General at this preliminary stage of the

18   proceedings.  Moreover, Plaintiff has not submitted a sworn affidavit or declaration certifying that any

19   efforts have been made to give notice of his Motion or Complaint to any named Defendant, which is

20   required by Federal Rule of Civil Procedure 65(b).

21          As noted above, under Federal Rule of Civil Procedure 65(b), a TRO may be granted without

22   notice to the adverse party or that party's attorney *only* if "it clearly appears from specific facts shown

23   by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result

24   to the applicant before the adverse party or that party's attorney can be heard in opposition."

25   FED.R.CIV.P. 65(b).   Federal Rule of Civil Procedure 65(b) also requires the Plaintiff to certify to the

26   Court "the efforts, if any, which have been made to give the notice and the reasons supporting the claim

27   that notice should not be required."  *Id.*  Plaintiff's Motion for TRO does not comply with these elemental

28   procedural requirements of Federal Rule of Civil Procedure 65(b).

07CV0200

Thus, for all these reasons, the Court must **DENY** without prejudice Plaintiffs' Motion for Temporary Restraining Order [Doc. No. 4] pursuant to FED.R.CIV.P. 65(b) at this time.

**IV.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion for TRO [Doc. No. 4] is **DENIED** without prejudice for failing to comply with FED.R.CIV.P. 65(b).

2.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3.    The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.    The Clerk of the Court is directed to serve a copy of this order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

5.    The Clerk shall issue the summons, provide Plaintiff with  a certified copy of both this Order and his Complaint, and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant named in his Complaint.  Plaintiff shall complete the Form 285s and forward them to the United States Marshal.  The U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on each U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

6.    Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a

certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service.

Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED:  April 17, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties

-6-

07CV0200