# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD P. BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>TIM OCHOA, Chief Deputy Warden, et al.,<br><br>Defendants. | Civil No.   07cv200 JM (PCL)<br><br>**ORDER:**<br><br>**DENYING MOTION FOR RECONSIDERATION (DOC. NO. 43);**<br><br>**GRANTING PLAINTIFF'S MOTION FOR ORDER DIRECTING U.S. MARSHAL TO SERVE SUMMONS AND SECOND AMENDED COMPLAINT (DOC. NO. 52)** |

On January 30, 2007, Plaintiff Stanford P. Bryant, a state prisoner currently incarcerated at Calipatria State Prison, and proceeding pro se, submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On April 17, 2007, the Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") and issued an Order directing the U.S. Marshal to effect service of summons and the complaint pursuant to FED.R.CIV.P. 4(c)(2) and 28 U.S.C. § 1915(d). (Doc. No. 5.) On June 15, 2007, Defendants filed a motion to dismiss the complaint, which was superseded by Plaintiff's First Amended Complaint. (Doc. 30.) On July 6, 2007, Defendants filed a Motion to Dismiss the First Amended Complaint. (Doc. 31.) The Court granted in part and denied in part Defendants' Motion. (Doc. 42.) On March 19, 2008, Plaintiff filed a Motion for Reconsideration of the Court's Order dismissing in part his First Amended Complaint. (Doc. No. 43.) On that same day, Plaintiff filed a Second Amended Complaint.

(Doc. No. 44.) On May 1, 2008, Defendants' filed its Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. No. 47.) Plaintiff subsequently filed a motion requesting an extension of time to effectuate service on Defendant's Stuart J. Ryan, R. Romero, E. Best, and J. Carnes. (Doc. No. 49.) The Court granted Plaintiff an additional 90 days to do so. (Doc. No. 50.) Finally, Plaintiff moved this Court for issuance of an Order directing the U.S. Marshal to re-attempt service as to Defendants Stuart J. Ryan, E. Best, R. Romero, and J. Carnes. (Doc. No. 52, at 1.)

**I. Plaintiff's Motion for Reconsideration**

Plaintiff's Motion for Reconsideration of the Court's dismissal of portions of his First Amended Complaint has been superseded by Plaintiff's filing of a Second Amended Complaint. With the First Amended Complaint no longer the operable pleading, Plaintiff's Motion for Reconsideration is moot and is hereby DENIED. Plaintiff's Second Amended Complaint contains the same causes of action and same defendants listed in Plaintiff's original First Amended Complaint. (See Doc. No. 44.) The Court will have the opportunity to review those causes of action earlier dismissed to see if Plaintiff has corrected any pleading deficiencies when it rules on Defendants' Motion to Dismiss the Second Amended Complaint.

**II. Plaintiff's Motion for Order Directing U.S. Marshal to Re-attempt Service**

Rule 4 of the Federal Rules of Civil Procedure provides that:

> [i]f service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend time for service for an appropriate period.

FED.R.CIV.P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(2); 28 U.S.C. § 1915(d) (in IFP proceedings, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."). "'[A]n incarcerated pro se plaintiff proceeding in forma

1  pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint.'"
2  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d
3  270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472
4  (1995).  In order to allow 28 U.S.C. §§ 1915 and 1915A to operate harmoniously with
5  FED.R.CIV.P. 4(m), where a necessary delay occurs, Rule 4(m)'s 120-day time for service
6  may be suspended for a time by the Court.  See Urrutia v. Harrisburg County Police Dept.,
7  91 F.3d 451, 459-60 (3rd Cir. 1996); see also Shabazz v. Franklin, 380 F. Supp. 2d 793, 799-
8  800 (N.D. Texas 2005); Warren v. Ruffcorn, 2001 WL 34043449 at *4 (D. Oregon 2001)
9  (unpublished).

Here, the Court has granted Plaintiff an additional 90 days to effectuate service of process on unserved defendants.  (Doc. No. 50.)  Good cause appearing, Plaintiff's Motion for an Order Directing U.S. Marshal Service as to Plaintiff's Second Amended Complaint is hereby GRANTED.

### III.  Conclusion and Order

Accordingly, the Court hereby:

1) **DENIES** Plaintiff's Motion for Reconsideration as Moot;

2) **GRANTS** Plaintiff's Motion for Order Directing U.S. Marshal Service as to Plaintiff's Second Amended Complaint on unserved Defendants.

The Clerk is **ORDERED** to issue the summons as to Defendants and to provide Plaintiff with an additional "IFP Package" consisting of:  (1) this Order; (2) the Court's April 17, 2007 Order Granting IFP (Doc. No. 5); (3) four certified copies of Plaintiff's Second Amended Complaint (Doc. No. 44); (4) the summons; and (5) four blank USM Form 285s for purposes of re-attempting service as to Defendants Stuart J. Ryan, E. Best, R. Romero, and J. Carnes.  Plaintiff shall complete the Form 285s and forward them to the U.S. Marshal. The U.S. Marshal shall serve a copy of the Second Amended Complaint upon Defendants as directed by Plaintiff on each U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.  See 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(2).  Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a

1  copy of every further pleading or other document submitted for consideration of the Court.
2  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a
3  certificate stating the manner in which a true and correct copy of any document was served
4  on Defendants, or counsel for Defendants, and the date of service.  Any paper received by the
5  Court which has not been filed with the Clerk or which fails to include a Certificate of
6  Service will be disregarded.

**IT IS SO ORDERED.**

DATED: May 29, 2008

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: District Judge Miller; all parties                    4                                    07cv200