# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD P. BRYANT,<br><br>          Plaintiff,<br>     vs.<br><br>OCHOA, et al.,<br><br>          Defendants. | CASE NO. 07cv0200 JM(PCL)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING DEFENDANTS' OBJECTIONS; DENYING PLAINTIFF'S OBJECTIONS |

On November 19, 2008 Magistrate Judge Peter C. Lewis entered a Report and Recommendation Granting in Part and Denying in Part Defendants' Motion to Dismiss ("R & R"). The parties have each filed partial Objections to the R & R. For the reasons set forth below, all Objections are denied and the court adopts the R & R in its entirety.

**Defendants' Objections**

Legal Standard

Defendants object to the controlling legal standard as set forth in the R & R as inconsistent with the legal standard articulated in Bell Atlantic v. Twombly 550 U.S. 544 (2007). The R &R cites Graehling v. Village of Lombard, Ill., 58 F.3d 295, 297 (7th Cir. 1995) for the proposition that "the court may hypothesize facts (on a Rule 12(b)(6) motion), 'consistent with the complaint, that would make out a claim.'" R & R at p.6:2-3. This standard, articulated by the Seventh Circuit, reflects the legal standard addressed in Conley v. Gibson, 355 U.S. 41 (1957) and subsequently abrogated in

1  Twombly. Conley held that "a complaint should not be dismissed for failure to state a claim unless
2  it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would
3  entitle him to relief." Id. at 45-46. The Supreme Court modified this standard by holding that Courts
4  should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to
5  raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127
6  S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled
7  to relief). Consequently, the standard identified in the R & R fails to take Twombly into
8  consideration.

9  Notwithstanding, and for the reasons set forth below, application of the Rule 12(b)(6)
10 standards articulated in Twombly does not alter the analysis set forth in the R & R.

11 The First Amendment Claim

12 Defendants argue that Plaintiff failed to allege any facts that his First Amendment rights were
13 actually chilled and therefore under Rhones v. Robinson, 408 F.3d 559 (9th Cir. 2005), the court must
14 dismiss this claim. "Within the prison context, a viable claim of First Amendment retaliation entails
15 five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)
16 because of (3) that prisoner's protected conduct, and that such conduct (4) chilled the inmate's
17 exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
18 correctional goal. Id. at 567-68. Defendants specifically challenge the second, fourth, and fifth
19 elements. (Objections at p.4:1-2).

20 The court denies this Objection because the Second Amended Complaint ("SAC") alleges
21 several instances in which Plaintiff's First Amendment rights were chilled. Among other things,
22 Plaintiff alleges that legal mail was opened and reviewed, (SAC ¶25), he was treated with "frightening
23 hostility," id., grievances he mailed out were not reviewed and disposed of, id., and when interviewed
24 by a prison supervisor Plaintiff declined to tell him anything because of threats that he would be
25 placed in administrative segregation. (SAC ¶¶41, 43). These allegations are sufficient to allege that
26 such conduct chilled Plaintiff's First Amendment rights.

27 Defendants also argue that the R & R failed to analyze whether Defendants acted with a
28 legitimate correctional goal with respect to the three disciplinary proceedings. Defendants submit

1  evidence to refute Plaintiff's claim that the three disciplinary "proceedings were conducted without
2  a legitimate correctional goal." (Objections at p.7:7-8). The court concludes that it is improper to
3  consider the documentation of the disciplinary proceedings challenged by Plaintiff on this motion to
4  dismiss. See Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991) (courts may not
5  consider extraneous material in testing the legal adequacy of a complaint). As noted by Defendants,
6  Plaintiff generally alleges that the three disciplinary actions "were falsified against him as a means
7  of retaliation." (Objections at p.6:7). The court concludes that the documentary evidence submitted
8  by Defendants is better addressed in the context of an evidentiary reading where the court and parties
9  have the benefit of a fully developed evidentiary record.

10      In sum, the court denies Defendants' Objections.

11      Qualified Immunity

12      Defendants contend that they are entitled to qualified immunity because Plaintiff fails to state
13  either a First or Fourteenth Amendment claim. The court does not reach this argument because, for
14  the above stated reasons, the court concludes that Plaintiff states a First Amendment Claim.

15  **Plaintiff's Objections**

16      Plaintiff contends that the R & R erroneously concluded that he failed to state a due process
17  claim against Defendants. As noted in the R & R, the full panoply of procedural due process rights
18  "adhere only when the disciplinary action implicated a protected liberty interest in some 'unexpected
19  manner' or imposes an atypical and significant hardship on the inmate in relation to the ordinary
20  incidents of prison life.'" Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (quoting Sandin
21  v. Connor, 515 U.S. 472, 484 (1995)). In the Objections, Plaintiff contends that he has a protected
22  interest to parole and that his disciplinary record while incarcerated may impact his eligibility and
23  timing for parole.

24      The court concludes that Plaintiff's claim to a protected interest to parole is too attenuated to
25  state a due process claim. In Burnsworth v. Gunderson, 179 F.3d 771, 774 (9th cir. 1999), the Ninth
26  Circuit noted that the decision to grant parole "rests on a myriad of considerations," and "[t]he chance
27  that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural
28  guarantees of the Due Process Clause." Id. at 774 n.3 (quoting Sandin v. Connor, 515 U.S. at 487).

1  Here as in <u>Burnsworth</u>, Plaintiff's claim that the rules violations charges may affect his chances for
2  parole fail to state a due process claim.
3      In sum, the court adopts the R & R in its entirety, denies Defendants' Objections and denies
4  Plaintiff's Objections.
5      **IT IS SO ORDERED.**
6  DATED: January 5, 2009

    _____
    Hon. Jeffrey T. Miller
    United States District Judge

8  cc:     All parties