UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYANT,**<br><br>     Plaintiff,<br>**v.**<br><br><br>**OCHOA**, Warden, et al.,<br><br>     Defendants. | CASE NO. 07cv200 JM (PCL)<br><br>**ORDER GRANTING MOTION TO COMPEL DISCOVERY;**<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>**(Doc. 109.)** |

    Plaintiff moved the Court for an order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling Defendant McNair to give more complete answers to Interrogatories Nos. 1, 2 and 3 and for sanctions for not doing so. (Doc. 109-2, at 1.) Defendant has filed an opposition to the motions. (Doc. 111.)

    Generally, discovery may be obtained "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." FED. R. CIV. P. 26(b)(1). A motion to compel may be brought where the answers provided in response to interrogatories are evasive or incomplete. See FED. R. CIV. P. 37(a). Answers must be made "separately and fully in writing and under oath," and should the party object, "the grounds for objecting to an interrogatory must be stated with specificity." Rule 33(b)(3)-(4). The party seeking to compel discovery has the burden of establishing that its request satisfies the

relevancy requirements of Rule 26(b)(1).  <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections.  <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975)).

The questions and responses at issue in the motion to compel are set forth below.

*Interrogatory No. 1*: State the name(s)/title(s) of all staff members at Calipatria State Prison who have knowledge to support your denial of Plaintiff's request for admissions, set no. one, request for admissions no. 11.

<u>Response to No. 1</u>: Defendant McNair is unable to respond to Interrogatory No. 1 because numerous officials at Calipatria State Prison have knowledge to support his denial of Plaintiff's Request for Admissions, set no. one, request for admissions no. 11, and he does not know all of their names and titles.  Any senior hearing officer at Calipatria would have such knowledge, as would the captain who signed the decision, the Chief Disciplinary Officer who signed the decision, any escorting officer who was present at the hearing, and any official at any level who conducted any aspect of review of the decision.

*Interrogatory No. 2*: State the name(s) and/or CDCR number(s) of all of plaintiff's witnesses you allowed to attend plaintiff's disciplinary hearing on Rule Violation Report Log No. 07-07-A5-005 on September 7, 2007, to support your admission of plaintiff's request for admissions, set no. one, request for admission no. 12.

<u>Response to No. 2</u>: The statements of the following witnesses, requested by Plaintiff, were used as evidence at the hearing on September 7, 2007: Inmate Smith (V-47732), Inmate McGee (J-02964), Inmate Howard (J-82612), Inmate Gray (V-78788), Inmate Alexander (P-05296).

*Interrogatory No. 3*: State the name(s) and/or CDCR number(s) of all of the plaintiff's witnesses who attended plaintiff's disciplinary hearing on Rule Violation Report Log No. 07-07-A5-005 on September 7, 2007, to support your admission No. 12.

<u>Response to No. 3</u>: See Response to Interrogatory No. 2.

After receiving these responses, Plaintiff sent Defendant McNair's counsel a letter describing the answers as evasive.  (Doc. 111, at 6.)  In response, Defendant McNair's counsel sent Plaintiff a letter in disagreement and refused to elaborate on his answers.  (<u>Id.</u> at 8-9.)  Unsatisfied with this response, Plaintiff filed the instant motion.  (Doc. 109).  With regard to Interrogatory No. 1, Plaintiff requested the specific names of prison officials involved.  (Doc. 109-2, at 3.)  Defendant responded by stating that Plaintiff already knows the names of the listed officials in his response.  (Doc. 111, at 2.)  With regard to Interrogatory No. 2, Plaintiff argued that Defendant McNair's answer did not address "which

witnesses Defendant McNair actually allowed to attend Plaintiff's disciplinary hearing on September 7, 2007," specifically their names.  (Doc. 109-2, at 4.)  Defendant responded by stating the statements of the listed prisoners were used as evidence, but that the statements were not the only evidence used in making the disciplinary decision.  (Id. at 3.)  With regard to Interrogatory No. 3, Plaintiff argued that "Defendant McNair should state specifically which of Plaintiff's witnesses he claims in fact attended Plaintiff's disciplinary hearing."  (Id. at 5.)  Defense counsel replied: "The response was intended to indicate that these witnesses' statements were used at the hearing, whether or not they were physically present at the hearing."  (Doc. 111, at 3-4.)

The Court agrees with Plaintiff that Defendant McNair's responses were evasive as to all three interrogatories.  As to Interrogatory No. 1, while Defendant McNair provided the titles of the individuals who would have the requisite knowledge regarding the requests for admissions, Defendant cannot assume that Plaintiff knows the specific names of these prison officials and should provide him with this information.  As to Interrogatory No. 2 and 3, while Defendant McNair gave Plaintiff a list of inmates whose written responses were considered at the disciplinary hearing, Plaintiff's specific question was not answered.  Defendant McNair should name the prison inmates, if any, who were allowed to attend or did attend and testify in person at Plaintiff's disciplinary hearing.

Thus, Defendant McNair is ordered to answer "separately and fully in writing and under oath" interrogatories no. 1, 2 and 3.  Plaintiff's motion to compel is GRANTED.  Defendant shall mail the answers to Plaintiff by June 15, 2009.  No sanctions will be awarded at this time.  However, Defendant is hereby warned that failure to comply with any of this Court's orders or the Federal Rules of Civil Procedure may result in the imposition of sanctions including monetary and evidentiary sanctions.

IT IS SO ORDERED.

DATED: May 14, 2009

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Jeffrey T. Miller
    All parties