# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| STANFORD P. BRYANT, | CASE NO. 07cv0200 JM(PCL) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO FILE SUPPLEMENTAL PLEADING |
| vs. | |
| OCHOA, et al., | |
| Defendants. | |

On May 29, 2008 Plaintiff filed a motion entitled Motion For Leave To File Supplemental Complaint To Second Amended Civil Rights Complaint ("Motion"). The court notes that Plaintiff did not obtain a hearing date from chambers prior to filing the Motion. See L.R. 7.1(e)(1). Consequently, the court did not learn of the Motion until Defendants filed a response and opposition to the Motion on May 15, 2009.[1] (Docket No. 118). Pursuant to Local Rule 7.1(d)(1) this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the Motion.

## BACKGROUND

On March 19, 2008 Plaintiff filed the operative Second Amended Complaint ("SAC") alleging that 21 correctional officers and their superiors at Calipatria State Prison violated his right to be free

---

[1] The court also notes that the court did not receive Plaintiff's proposed Supplemental Complaint until May 15, 2009, when Defendants filed an opposition to the Motion and attached the Supplemental Complaint as an exhibit.

1 from retaliatory punishment for engaging in conduct protected by the First Amendment and violated
2 his Due Process rights under the Fourteen Amendment. (SAC at pp. 11-12). Plaintiff's claims are
3 based on events generally occurring between 2003 and July 24, 2007. (SAC ¶¶17, 29).

## DISCUSSION

Rule 15(d) provides that the court may grant leave to a party to file supplemental pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). Here, the Supplemental Pleading identifies numerous events occurring between May and September 2007 and purports to name 13 additional defendants. As the SAC was filed on March 19, 2008, the Supplemental Pleading under Rule 15(d) must set forth events occurring after that date. As the Supplemental Pleading fails to identify any allegations occurring after the filing date of the SAC, Plaintiff is not entitled to Rule 15(d) relief. Consequently, the court denies the motion to supplement the pleadings.

In sum, the Rule 15(d) motion to supplement the pleadings is denied. Pursuant to Fed.R.Civ.P. 72, 28 U.S.C. §636, and L.R. 72.3, all further motions are referred to Magistrate Judge Lewis.

**IT IS SO ORDERED.**

DATED: June 22, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties