UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYANT,**<br>                              Plaintiff,<br>v.<br>**OCHOA**, Warden, et al.,<br>                              Defendants. | CASE NO. 07cv200 JM (PCL)<br><br>**ORDER GRANTING MOTION TO COMPEL DISCOVERY (Doc. 91.)** |

### Introduction

Plaintiff, a pro se state prisoner, has sued 21 defendants for violating his right to be free from retaliatory punishment for his use of the prison grievance system in violation of the First Amendment. Plaintiff has moved the Court for an order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling Defendant Ochoa to produce documents related to six administrative appeals that Plaintiff had taken within the California Department of Corrections and Rehabilitations' appeal system: Appeal Nos. CAL-5-06-00194, CAL-07-01543, CAL-05-01522, CAL 07-01783, CAL-05-01135, and CAL-06-02052.  (Doc. 91.)  Defendant Ochoa has filed a response opposing the motion for production of documents.  (Doc. 94.)  Defendant has stated that the documents requested are confidential, are not disclosable under California law, and are protected by the official information privilege.  (Id. at 3-4.)  In addition to providing the Court with a privilege log of the six documents requested, (id. at 20-21), Defendant Ochoa has submitted a declaration of K. Roe, an employee of the CDCR who stated that

disclosing the confidential information requested would "undermine the effectiveness of future investigations as well as staff's ability to function effectively." (Id. at 18.) Defendant Ochoa also has submitted the documents requested by Plaintiff for in camera review. (Doc. 126-2.) For the reasons set forth below, Plaintiff's motion is granted.

**Legal Standard**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). In prisoner civil litigation cases, "courts have repeatedly held that police personnel files and documents are relevant and discoverable." Green v. Baca, 226 F.R.D. 624, 644 (C.D. Cal. 2005). Questions of evidentiary privilege that arise in the course of adjudicating federal rights are governed by principles of federal common law. See United States v. Zolin, 491 U.S. 554, 567-68 (1989) (citing Rule 501 of the Federal Rules of Evidence). Federal common law recognizes a qualified privilege for official information. Kerr v. United States Dist. Ct. for N.D. of Cal., 511 F.2d 192, 198 (9th Cir. 1975). Government personnel files are considered official information. See, e.g., Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990).

The discoverability of official documents is determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987). The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Id. The affidavit must include: "1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality . . .; 2) a statement that the official has personally reviewed the material in question; 3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff . . .; 4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, 5) and a projection of how much harm would be done to the threatened interests if disclosure were made." Id. at 670. If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents. Id. at 661. California law providing for confidentiality of prison personnel records would not alter the

1  outcome under the official information privilege analysis in a case with federal claims.  <u>Green</u>, 226
2  F.R.D. at 643-44.
3  **Discussion**
4      Here, Defendant has asserted that the requested confidential documents should not be disclosed
5  because of a California law prohibiting their release to prisoners and because of the official information
6  privilege under federal law.  As the scope of evidentiary privilege in a section 1983 civil rights action is
7  a question of federal law, California law is not controlling.  Under the federal official information
8  privilege analysis, the Court notes that Defendant has provided an affidavit of a prison official who has
9  personally viewed the documents requested and attested to the routine confidentiality of the information.
10 (Doc. 94, Decl. of K. Roe.)  The affiant has noted that the release of the documents may create a breach
11 of security, impair staff morale, and provide inmates a tool to sabotage investigations.  (<u>Id.</u> at 18.)
12 However, the affiant has not described how providing a redacted version of the documents along with a
13 carefully crafted protective order of certain sensitive information would still would create a substantial
14 risk of harm to significant governmental or privacy interests.  Defendant thus has not met the threshold
15 burden.  Upon reviewing the documents, the Court finds that Defendant has exaggerated the risk of
16 harm that even a limited disclosure of the documents requested would have on prison staff and
17 operations of the prison.  The documents requested contain descriptions of the events that are the subject
18 of this case. Most of this information is factual in nature and contain little, if any, highly sensitive
19 information.  Thus, defendant shall, within ten (10) days, either turn over the documents to Plaintiff or
20 produce redacted copies of those documents for the Court's review along with a proposed protective
21 order that provides for redaction of highly sensitive information.
22     IT IS SO ORDERED.
23 DATED: July 15, 2009

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Jeffrey T. Miller
    All parties